**IN THE COURT OF APPEALS OF IOWA**

No. 21-1096
Filed January 27, 2022

**IN THE INTEREST OF H.R.,**
**Minor Child,**

**L.A., Mother,**
    Petitioner-Appellee,

**J.J., Father,**
    Respondent-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Samantha Gronewald,
Judge.

A father challenges the private termination of his parental rights.
**AFFIRMED.**

Jessica J. Chandler of Chandler Law Office, Windsor Heights, for appellant
father.

Jacob van Cleaf of Van Cleaf & McCormack Law Firm, LLP, Des Moines,
for appellant mother.

Gina E. Burress of Carr Law Firm P.L.C., Des Moines, attorney and
guardian ad litem for minor child.

Considered by Bower, C.J., and Greer and Badding, JJ.

**BOWER, Chief Judge.**

A father appeals the termination of his parental rights in a private termination action. Because we find clear and convincing evidence supports the grounds for termination and termination is in the child's best interests, we affirm.

"Private termination proceedings under chapter 600A are reviewed de novo." *In re B.H.A.*, 938 N.W.2d 227, 232 (Iowa 2020). We give weight to the trial court's findings of fact, especially on the credibility of witnesses, but are not bound by them. *Id.*

> Termination proceedings under Iowa Code chapter 600A are a two-step process. In the first step, the petitioner seeking termination must first show by clear and convincing evidence a threshold event has occurred that opens the door for potential termination of parental rights. Once that threshold showing has been made, the petitioner next must show by clear and convincing evidence termination of parental rights is in the best interest of the child.

*In re Q.G.*, 911 N.W.2d 761, 770 (Iowa 2018) (citations omitted).

Under Iowa Code section 600A.8(3)(b) (2020), a parent is deemed to have abandoned a child over six months old

> unless the parent maintains substantial and continuous or repeated contact with the child as demonstrated by contribution toward support of the child of a reasonable amount, according to the parent's means, as demonstrated by any of the following:
> (1) Visiting the child at least monthly when physically and financially able to do so and when not prevented from doing so by the person having lawful custody of the child.
> (2) Regular communication with the child or with the person having the care or custody of the child, when physically and financially unable to visit the child or when prevented from visiting the child by the person having lawful custody of the child.

The subjective intent of the parent, unless supported by actions manifesting that intent, "does not preclude a determination that the parent has abandoned the child." Iowa Code § 600A.8(3)(c). "In making a determination, the court shall not

require a showing of diligent efforts by any person to encourage the parent to perform the acts specified in paragraph 'a' or 'b.'" *Id.*

Here, the father has paid his court-ordered child support, which is minimal, via garnishment for the past few years. However, he has made no corresponding effort to maintain *any* place in H.R.'s life. He has not seen H.R since infancy. He claims the mother stymied his attempts to visit with the child, but he did not attempt to contact or visit the child from 2012 until this action was filed. On our de novo review, we find clear and convincing evidence the father abandoned H.R., as the term is statutorily defined.

Turning to whether termination is in the child's best interests, we are informed by statute:

> The best interest of a child requires that each biological parent affirmatively assume the duties encompassed by the role of being a parent. In determining whether a parent has affirmatively assumed the duties of a parent, the court shall consider, but is not limited to consideration of, the fulfillment of financial obligations, demonstration of continued interest in the child, demonstration of a genuine effort to maintain communication with the child, and demonstration of the establishment and maintenance of a place of importance in the child's life.

*Id.* § 600A.1(2). We also consider the child's safety, the best placement for the nurturing and growth of the child, and the child's immediate and long-range interests. *B.H.A.*, 938 N.W.2d at 232–33.

The mother has established H.R. is a child with significant physical and mental challenges who needs structure and stability. Her husband has actively parented H.R. since birth and intends to adopt H.R. if the father's rights are terminated. The child's guardian ad litem opined termination is in the child's best

interests. The juvenile court agreed, and so do we. We therefore affirm the termination of the father's parental rights.

**AFFIRMED.**